IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFREY MARVIN GLENN                                        PLAINTIFF

v.                              No. 4:12-cv-335-DPM

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                              DEFENDANT

## ORDER

Glenn sought supplemental security income, claiming disability at age forty-five due to back and knee problems. He worked in construction for almost thirty years before being laid off. His last day of work served as his onset date. The Commissioner's ALJ identified hernia surgery, degenerative disc disease of the lumbar spine, and obesity as severe impairments. He determined that Glenn could do medium work and denied the SSI application. Glenn appeals. The question now is whether, considering supporting and contrary evidence, substantial evidence supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

All Glenn's arguments flow from his criticism of the state examining physician. He characterized the physician as a "fake" doctor who didn't examine him properly. *Tr. 129*. He sought a second physical examination, but the ALJ denied the request. Glenn maintains the ALJ should have ordered

the second exam and attacks the orthopedist's report.

A claimant bears the burden of providing medical evidence to prove his alleged disability, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987), but Glenn provided no medical evidence when he applied for disability. The ALJ developed the record by ordering a physical examination by an orthopedic surgeon—a specialist in Glenn's alleged impairments.

The orthopedist's report was based on personal observation, an orthopedic examination, and some radiographic imaging. The report is very detailed, summarizing Glenn's complaints and providing the results of functional and neurological testing. The exam indicated lumbar strain. The imaging showed some degenerative disc disease at L5-S1—changes the orthopedist thought could contribute to lower back pain. Later imaging showed mild degenerative changes in the lumbar spine. Glenn demonstrated a functional range of motion in his lower back and exhibited no focal sensory or motor deficits. The orthopedist concluded that Glenn could lift and carry fifty pounds occasionally and twenty-five pounds frequently, with frequent bending, kneeling, stooping, crawling, or crouching. The report adequately supports the ALJ's decision that Glenn could do medium work. *Britton v.*

*Sullivan*, 908 F.2d 328, 331 (8th Cir. 1990). No second report was needed in the circumstances. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

Glenn contends the ALJ erred by determining he could adjust to other work, but the Court disagrees. The Commissioner's regulations provide for a "disabled" conclusion when a marginally educated claimant did physical labor for at least thirty-five years. SSR 82-63. Glenn does not fit the profile. His tenth-grade education is limited, not marginal, under the regulation. 20 C.F.R. § 416.964(b). And he did semi-skilled, heavy work for twenty-nine years. The Court affirms the decision denying the application.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 July 2013